# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STRATFORD HOLDING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-0772-HE |
| ) | |
| FOOT LOCKER RETAIL INC., ET AL., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

By order entered on June 4, 2014, the court granted the motion filed by plaintiff Stratford Holding, LLC seeking the entry of default and default judgment against defendant Fog Cutter Capital Group, Inc. ("Fog Cutter"). It also granted the motions of defendants Fog Cap Retail Investors LLC ("Fog Cap") and Foot Locker Retail, Inc. ("Foot Locker") seeking the entry of default and default judgment against Fog Cutter on their crossclaims. The entry of default judgment as to these parties and their claims and crossclaims was deferred until damages, which are not for a sum certain, can be ascertained. On June 18, 2014, Fog Cutter filed a motion to vacate the entries of default and the order granting default judgments against it and on July 3, 2014, it filed a motion seeking leave to file answers out of time.

Fog Cutter filed its motion to vacate under Fed.R.Civ.P. 55(c) and 60(b). However, Rule 60 does not apply. A motion to set aside a default is analyzed under Rule 60 only when the default judgment is final. FDIC v. Francisco Inv. Corp., 873 F.2d 474, 478 (1st Cir.1989). While the court granted plaintiff's, Fog Cap's and Foot Locker's motions for

summary judgment against Fog Cutter, it did not enter final judgments in their favor.[1] Therefore, the more liberal standard of Rule 55(c) applies. *Id.*, *see* Jackson v. Beech, 636 F.2d 831, 835–36 (D.C.Cir.1980) ("[T]he original entry of default judgment on June 6, 1977 was premature because the plaintiff's claim was as yet unliquidated. . . Rule 60(b)'s standard did become applicable when the damage awards became final and appealable.").

Rule 55(c) provides that an entry of default may be set aside for "good cause." "In deciding whether good cause exists, "courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009) (quoting Dierschke v. O'Cheskey (In re Dierschke), 975 F.2d 181, 183 (5th Cir.1992)); *accord* Hunt v. Ford Motor Co., 1995 WL 523646, at *3 (10th Cir. 1995). "These factors are not 'talismanic.'" Hunt, 1995 WL 523646, at *3. The court does not have to consider them all and may consider others. *Id.* "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone. . . . Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default" *Id.*

Fog Cutter asserts in support of its motion to vacate that the entries of default and default judgment[2] were obtained while it was "not actively represented by counsel," Doc.

---

[1] Non-final judgments can generally "be set aside or otherwise changed by the district court at any time before they become final." Francisco Inv. Corp., 873 F.2d at 478 (citing Fed.R.Civ.P. 54(b)).

[2] Fog Cutter erroneously asserts that the court clerk improperly entered default judgment on the cross claims. Default judgment has not yet been entered. See Doc. Nos. 147, 153.

#156, p. 1, lacked the resources to retain counsel, and "[u]pon information and belief ... did not understand the import of separately responding to cross-claims." *Id.* at p. 2.[3] Fog Cutter also claims that the other parties will not be unduly prejudiced if its motion is granted, that Stratford Holding, LLC and Fog Cap Retail Investors, LLC only recently moved for default and Fog Cap only recently moved to add its crossclaims.[4] Fog Cutter relies on the "excusable neglect ... explained in its Motion to Vacate Default Judgment," Doc,. #162, p. 4, to support its motion to file its answers out of time.

Fog Cutter was initially represented by counsel, who, on May 30, 2013, were allowed to withdraw, subject to the condition that later papers would continue to be served upon them until other counsel for Fog Cutter entered an appearance. Although the court directed Fog Cutter to appear by new counsel within fourteen days [Doc. #100], that did not occur until June 18, 2014, more than a year later. Fog Cutter does not claim it did not receive notice of the various pleadings and motions, but rather asserts it did not understand its obligation to respond to crossclaims[5] and lacked the resources to retain legal counsel in the last half of 2013.

While "strong policies favor resolution of disputes on their merits . . . ." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983)

---

[3]*In its motion to file late answers, Fog Cap states that it "is not aware of any correspondence beyond the filed pleading from either of these entities [Fog Cap and Foot Locker] advising Fog Cutter of the need to file an Answer or other responsive pleading." Doc. #162, p. 2. A defendant has no duty to inform a codefendant that it must respond to a crossclaim.*

[4]*Both Fog Cap and Foot Locker alleged crossclaims against Fog Cutter as early as October 2013. See Doc. Nos. 117, 118.*

[5]*Fog Cutter does not explain why it failed to respond to plaintiff's claims.*

(internal quotations omitted), Fog Cutter was essentially unresponsive for a year. It not only deliberately ignored a court order to retain new counsel and failed to respond to motions for default judgment, but filed a half-hearted motion to vacate. Fog Cutter offers no evidence to excuse its inaction, but rather relies on "[u]pon information and belief . . . ." Doc. #156, p.2. While it has attached proposed answers to its motion to file its answers out of time, Fog Cutter submits nothing else to demonstrate it has a basis to defend against the plaintiff's and its codefendants' claims.[6] Its unsubstantiated assertion that it was financially unable to hire attorneys in the last half of 2013 is not persuasive, as the motions for default were not filed until late April and May 2014. Similarly, its claim that it was unaware of its obligations as a litigant are not convincing as Fog Cutter is not an unsophisticated lay person. As the other parties note, it had, at least initially, actively participated in the litigation and therefore was clearly "aware of this lawsuit, the nature of the allegations being made against it, and the potential liability that it faced." Doc. #161, pp. 3-4.

While plaintiff and defendants Fog Cap and Foot Locker do not assert prejudice in their opposition to Fog Cutter's motion,[7] the court nonetheless concludes Fog Cutter has not made a sufficient showing to merit relief under Rule 55(c). Its failure to answer and appear by counsel was "willful and demonstrated a flagrant disregard for the authority of the court." Hunt, 1995 WL 523646, at *3 (quoting district court order). Its motion to vacate, lacking

---

[6]None of the proposed answers was verified.

[7]The case has been proceeding in Fog Cutter's absence. A scheduling order was entered on March 4, 2014, and a mediation has been held.

both evidence and an acceptable excuse for its inaction, did not reflect a serious effort to persuade the court that its entries of default and summary judgment order should be set aside.

Accordingly, as Fog Cutter has not demonstrated the good cause required under Rule 55(c) to warrant relief, its motions to vacate [Doc. #156] and to file answers out of time [Doc. #162] are **DENIED**.

**IT IS SO ORDERED**

Dated this 1st day of August, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE