## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STRATFORD HOLDING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. CIV-12-0772-HE |
| | ) | (Consolidated Number) |
| FOOT LOCKER RETAIL, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| ELAINE K. HALL REVOCABLE TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. CIV-15-0259-HE |
| | ) | |
| STRATFORD HOLDING, LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### <u>JOINT STATUS REPORT</u>

Stratford Holding, LLC, the Elaine K. Hall Revocable Trust, Foot Locker Retail, Inc., Fog Cap Retail Investors, LLC, William Chunga, and Summit Investment Management LLC submit this Joint Status Report as required by the Court's Order dated June 29, 2017 [Doc. 322].

<u>Date of Status Conference</u>: August 2, 2017, 10:30 a.m.

Appearing for Stratford Holding, LLC ("Stratford"):

> Robert W. Dace, OBA #10263
> Robert J. Joyce, OBA 12728
> **MCAFEE & TAFT A PROFESSIONAL CORPORATION**
> 10th Floor, Two Leadership Square
> 211 North Robinson
> Oklahoma City, OK 73102
> Telephone:   (405) 235-9621
> Facsimile:   (405) 235-0439
> E-mail:      bob.dace@mcafeetaft.com
>              robert.joyce@mcafeetaft.com

Appearing for the Elaine K. Hall Revocable Trust ("Hall Trust"):

> R. Tom Hillis, OBA #12338
> Shannon P. Wheeler, OBA #22125
> **TITUS HILLIS REYNOLDS LOVE**
> 15 East Fifth Street, Suite 3700
> Tulsa, Oklahoma 74103
> Telephone:   (918) 587-6800
> Facsimile:   (918) 587-6822
> E-mail:      thillis@titushillis.com
>              swheeler@titushillis.com

Appearing for Foot Locker Retail, Inc. ("Foot Locker"):

> Douglas A. Rice, OBA # 16297
> Robert N. Naifeh, Jr. OBA # 10419
> **Derryberry & Naifeh, LLP**
> 4800 N. Lincoln Blvd.
> Oklahoma City, OK 73105
> Telephone:   (405) 528-6569
> Facsimile:   (405) 528-6462
> E-mail:      drice@derryberrylaw.com
>              rnaifeh@derryberrylaw.com

> -and-
> Kenneth A. Reich, OBA # (*pro hac vice*)
> Kenneth Reich Law, LLC
> 255 Massachusetts Ave., Suite 1018
> Boston, MA 02115

Telephone:   (781) 608-7267
E-mail:         kreich@kennethreichlaw.com

Appearing for Fog Cap Retail Investors, LLC ("Fog Cap")

Bryan N.B. King, OBA #16673
Stephen J. Moriarty, OBA #6410
**Fellers Snider Blankenship Bailey & Tippens**
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102-9211
Telephone:   (405) 232-0621
Facsimile:    (405) 232-9659
Email:          bking@fellerssnider.com
                     smoriarity@fellerssnider.com

Appearing for William E. Chunga ("Chunga")

Leif E. Swedlow, OBA #17710
William C. Gray, OBA # 31379
**ANDREWS DAVIS**
100 N. Broadway, Suite 3300
Oklahoma City, OK 73102-8812
Telephone:   (405) 272-9241
Facsimile:    (405) 235-8786
Email:          leswedlow@andrewsdavis.com
                     wcgray@andrewsdavis.com

Appearing for Summit Investment Management LLC ("Summit Investment")

Elisabeth E. Muckala, OBA #21306
D. Kenyon Williams, Jr. OBA #9643
**HALL, ESTILL, HARDWICK, GABLE,**
   **GOLDEN & NELSON, P.C.**
100 N. Broadway, Suite 200
Oklahoma City, OK 73102
Telephone:   (405) 553-2828
Facsimile:    (405) 553-2855
Email:          emuckala@hallestill.com
                     kwilliams@hallestill.com

Pro Se Parties:

                        Kyser Koncepts, LTD
                        Arthur B. Kyser
                        President of General Partner
                        P.O. Box 890
                        Montgomery, TX 77356
                        Telephone:    (214) 668-2362
                        Facsimile:    (866) 311-6017

                        Arthur B. Kyser
                        3522 Crown Point Dr.
                        San Diego, CA 92109
                        Telephone:    (214) 668-1767
                        Facsimile:    (866) 311-6017

                        Timothy W. Kyser
                        2221 Justin Road, Suite 119, #139
                        Flower Mound, TX  75028
                        Telephone:    (214) 850-8078
                        E-mail:        timokyser@gmail.com

                        Deborah A. Kyser
                        (formerly known as Deborah Manneck)
                        3522 Crown Point Dr.
                        San Diego, CA 92109
                        Telephone:    (214) 668-2362
                        Facsimile:    (866) 311-6017

                        Jeffery P. Green
                        743 Melton Street
                        Cheyenne WY, 82009

Notice sent to:

                        Fog Cutter Capital Group Inc. ("Fog Cutter")
                        c/o Eric G. Lair, OBA #16513
                        ERIC G. LAIR, PLLC
                        4527 East 91st Street
                        Tulsa, OK 74137
                        Telephone     (918) 592-2220
                        Facsimile     (918) 592-2221
                        Email:        ELair@EGLLawOffice.com

**Jury Trial Demanded X**

1. **Joint Preliminary Statement**

   A. **Background**

   Plaintiff, Stratford Holding, LLC ("Stratford"), is the owner of real property in northwest Oklahoma City (the "Property"). In 1977, Stratford's predecessor-in-interest, 63 Associates, Inc., leased the Property to Defendant Foot Locker Retail Inc.'s ("Foot Locker") corporate predecessor, the Kinney Shoe Corporation ("Kinney"), for thirty years with three optional five year extensions (the "Base Lease") so that Kinney could operate a shoe store on the Property.

   In 1995, Kinney sub-leased the Property to Kyser Koncepts, LTD, Arthur B. Kyser, Timothy W. Kyser, and Deborah Manneck d/b/a $1.25 Cleaners (collectively the "Kyser Defendants"). By its terms, Kinney's sublease to the Kyser Defendants (the "Kyser Sub-Lease") was executed for the purpose of the Kyser Defendants using the Property as a full service dry cleaning plant and laundry. The Kyser Defendants installed dry cleaning equipment on the Property. The Kyser Defendants, in turn, entered into Lease and Option Agreements with defendant William E. Chunga ("Chunga") and defendant Jeffrey P. Green ("Green") pursuant to which dry cleaning businesses were operated on the Property by the Kyser Defendants and/or by Chunga and then Green.

   After Foot Locker became Kinney's corporate successor-in-interest, it assigned its interest in the Base Lease and the subleases in 2002 to Defendant Fog Cap Retail Investors, LLC ("Fog Cap"). Fog Cutter Capital Group Inc. ("Fog Cutter") purchased the ownership interests in Fog Cap in 2002 and also managed the lease for Fog Cap from 2002 until sometime prior to 2012. The Kyser Defendants continued to sublease the Property from Fog Cap for use by Green as a dry cleaning business. The Kyser Sub-Lease terminated by its own terms in November 2006 and Green executed a new sublease with Fog Cap (the "Green Sub-Lease") to continue to use the Property for a Dry Cleaner. The Green Sub-Lease was signed by Fog Cutter as Manager of Fog Cap.

   Green was evicted in 2008 by Fog Cap/Fog Cutter. Stratford, Foot Locker and the Hall Trust allege that, in the period of about 2008-9, Fog Cap, SBN (which purchased all of Fog Cutter's ownership interest in Fog Cap in about 2008) and Summit Investment, among others, were involved in an attempt to remove hazardous wastes from the Property, which contributed to some undetermined extent to the contamination at the Property. Stratford and Foot Locker further alleged that the Halls may have also been involved in the waste removal effort. Summit Investment denies that it and/or SBN were involved in any way with hazardous wastes associated with the Property. The Hall Trust likewise denies any involvement with the hazardous wastes.

In February 2012, the Base Lease terminated and Stratford regained control of the Property. At that time, the building on the Property was in significant disrepair (although the Parties disagree as to the extent) and contained trash, waste and partially disassembled dry cleaning equipment. Stratford and Summit Investment subsequently became aware that a hazardous chlorinated solvent commonly used in the dry cleaning business and known as tetrachloroethene or percholorethylene ("PCE") had been released into the soil and groundwater underneath the Property and appeared to be migrating toward offsite areas.

The Oklahoma's Department of Environmental Quality ("ODEQ") conducted its own investigation of the Property and, on or about November 12, 2012, filed an Administrative Compliance Order ("ACO") directing Stratford, the Kyser Defendants, Chunga and Green to "abate the contamination . . . and mitigate the endangerment to the health and safety of persons and property that are negatively impacted by the contamination" and to abate the contamination in a manner consistent with the national Contingency Plan, 40 CFR parts 300-399. In response to the allegations in the ACO, in March 2013 Stratford entered into a Consent Order with ODEQ. Pursuant to the Consent Order, Stratford submitted to ODEQ a Remedial Investigation/Feasibility Study Work Plan (Work Plan"). After requesting various changes from Stratford, ODEQ approved the Work Plan. The approved Work Plan (proposed and prepared solely by Stratford), among other things, called for a Time Critical Removal Action ("TCRA") involving the demolition of the on-Site building and removal of the PCE-contaminated soil from beneath the building and surrounding areas to a depth of up to 12 feet. The Work Plan specifically called for the removal "of all soils with PID [photoionization detector] readings in excess of 10 ppm."

**B.  Status of Site Investigation and Remedial Activities**

Under the supervision of ODEQ, and pursuant to the Work Plan, Stratford demolished the building on the Property, completed removal of PCE-contaminated soil on the Property to the extent possible (approximately 1000 cubic yards), installed an infiltration gallery in the former excavation to facilitate future groundwater remedial efforts, and backfilled the excavation. Stratford then constructed a new building on the Property and leased a portion of the building to a retail food establishment. In addition, Stratford has installed 41 monitoring wells at the Property and at surrounding properties, including the Hall Trust property. Analytical results of groundwater samples from the monitoring wells indicate PCE contamination in groundwater primarily to the west and north of the Property. PCE contaminated groundwater is present on the Hall Trust property as well as at other off-Site properties to the north and west. The extent of contaminant migration appears to have been defined to the east, south, west and northwest; Stratford is conferring with ODEQ regarding whether any additional monitoring wells will be required to the north or north east. If additional wells are

required to the north and/or northeast, they will be few in number and are expected to fully delineate the extent of groundwater contamination associated with the Site.

Analysis of sub-slab soil gas and indoor air samples from three residences to the south of the Site indicate neither PCE nor its degradation products have, to date, migrated into residential structures to the south.   Analysis of sub-slab soil gas and indoor air samples from the building on the Hall Trust property indicates PCE is also not at this time migrating into that structure, but that PCE and certain of its degradation products appear to have migrated beneath the surface of the Hall Trust property.   Stratford also obtained soil gas and indoor air samples at five additional homes to the west of the Property.  These samples indicate that contaminated groundwater may be present beneath the homes, but intrusion of vapors into the homes is not occurring. Additional confirmation sampling for the residences will likely be required by ODEQ.

During the investigation, Stratford has, on an ongoing basis, submitted the analytical results from its investigations under the Work Plan to ODEQ and the various defendants.   In August, 2015 Stratford submitted an Interim Remedial Investigation Report ("Interim RI Report") to ODEQ summarizing the results to date.   Stratford also held a public meeting at the nearby Warr Acres library on August 3, 2016, to discuss its findings to date with interested parties and the public.   Stratford is in the process of preparing a second Interim RI Report containing the soil, groundwater, soil gas and indoor air sampling results obtained since August, 2015.   Stratford completed its latest round of groundwater sampling in all 41 monitoring wells in early July, 2017 and submitted those results to ODEQ and the parties on July 17, 2017.   As noted above, Stratford anticipates additional indoor air testing in nearby residences to confirm its findings to date.   Once the investigation (both groundwater and indoor air) is complete, Stratford will submit a final Remedial Investigation Report ("RI Report").

Upon completion of the RI Report, the schedules set forth in the Work Plan and Consent Order anticipate another 28 months of work prior to development of a Remediation Work Plan.  Stratford's consultants must first prepare a Human Health Risk Assessment (Risk Assessment) to evaluate the potential human health impacts (if any) that could occur in the absence of remediation and to support any required remedial action.  Upon completion of the Risk Assessment, plans call for Remedial Alternatives Screening, a Remedial Alternatives Evaluation and a Treatability Study, followed by the preparation of a draft Remedial Investigation / Feasibility Study Report (RI/FS Report). The draft RI/FS Report will be submitted to ODEQ for review and approval.   Upon ODEQ's approval of the RI/FS Report, it will be submitted for public comment and, upon consideration thereof, ODEQ will issue a final RI/FS Report (with a responsiveness summary) identifying any necessary remedial action for the Site.   After that, Stratford must submit a Remediation Work Plan to ODEQ for approval and, upon approval, must perform the remediation.   Although the investigation is nearing completion, Stratford currently estimates it will take an additional 2.5 to three years to obtain an approved

Remediation Work Plan and three to five years or more after that to implement the remedy. Stratford anticipates that active remediation (as opposed to natural attenuation) will be necessary.

Defendants do not agree that the past and future planned investigation and remediation described above and the costs thereof were necessary or reasonable or required by applicable law.

## C. Status of the Litigation

The progress of the litigation has been discussed in a number of prior status reports and will, for the most part not be repeated here. The Hall Trust filed its separate action (CV-00259-HE) against a number of the Defendants and Stratford on March 13, 2015. On Motion of the Hall Trust, its lawsuit was consolidated with this case on July 31, 2015. (Doc. 191)

Since consolidation, the Court has ordered a number of stays of the litigation to allow Stratford to continue its investigation and remediation of the Property and offsite of the Property without the pressure and expense of simultaneous litigation and to allow all parties to evaluate the extent of the contamination and the measure of Stratford's total damage claims.

Further, the action was automatically stayed as to Fog Cap on April 20, 2016 by reason of its filing for bankruptcy in Colorado. By Order dated October 12, 2016, the Court extended the stay in this matter to allow time for "various scenarios to play out in the pending bankruptcy of defendant Fog Cap Retail Investors, LLC" and to allow Stratford and others to pursue direct liability claims against certain entities: Summit Investment and SBN FCCG. The Bankruptcy Court's Order of September 22, 2016 held that the automatic stay did not apply to third party, non-debtors. Shortly thereafter, Stratford and Hall filed motions for leave to file amended complaints with this Court (Docs. 267 & 265), and those motions were granted on December 12, 2016 (Doc. 268). Hall filed its Amended Complaint on December 20, 2016 (Doc 269) and Stratford filed its Third Amended Complaint on December 22, 2016 (Doc. 270). Summit Investment filed its Answer, Counterclaims and Cross-claims to Stratford's Third Amended Complaint on January 30, 2017 (Doc. 275), and as amended on March 14, 2017 (Doc 296) and to Hall's Amended Complaint on February 20, 2017 (Doc. 280). Foot Locker filed a cross-claim against Summit Investment on March 3, 2017 (Doc. 287) and Summit Investment filed its Answer on March 14, 2017 (Doc. 295). SBN FCCG filed Motions to Dismiss both Stratford's and Hall's amended complaints (Docs. 276 and 281). SBN FCCG's Motions to Dismiss were granted by the Court on May 25, 2017.

With respect to Fog Cap, the Colorado bankruptcy court entered an "Order on Stipulation Regarding Motions for Relief from Stay" on January 12, 2017. In that Order,

the bankruptcy court terminated the automatic stay "effective April 1, 2017, with respect to the Oklahoma environmental litigation, Case No. CV-12-0772-HE (the 'Environmental Litigation'), to allow such litigation to proceed against [Fog Cap] and for [Fog Cap] to proceed with any and all claims and counterclaims it may have against [Stratford, Foot Locker and Hall] in the [Western District]." In addition to lifting the automatic stay with respect to Fog Cap, the bankruptcy court further terminated the automatic stay "effective April 1, 2017 with respect to the 'alter ego' and 'veil piercing' claims . . . such that Stratford, Foot Locker and Hall shall be able to assert and fully prosecute such claims against [Summit Investment] in the Oklahoma environmental litigation, Case No. CV-12-0772-HE." Stratford and Hall anticipate filing a motion for leave to amend their complaints to add alter ego and/or veil piercing claims against Summit Investment after the upcoming status conference on August 2, 2017. Foot Locker reserves the right to seek leave of the Court to amend its previously filed cross-claims.

In the Fog Cap bankruptcy, all of the tangible assets of Fog Cap have been liquidated such that the bankrupt estate now consists only of cash and causes of action. In addition, on April 21, 2017, the Bankruptcy Court converted Fog Cap's underlying bankruptcy proceedings from Chapter 11 to Chapter 7. Mr. Tom. H. Connolly was appointed as Trustee for the estate of Fog Cap and is now in control of the defense of Fog Cap in this litigation. The Trustee has retained the firm of Fellers, Snider, Blankenship, Bailey & Tippens to represent Fog Cap's bankruptcy estate in this case. As such, as of April 1, 2017, any bankruptcy-related impediments with respect to proceeding in this case with all necessary parties had been removed. However, Summit Investment alleges that issues such as credits for contribution and/or set-off resulting from payments by Fog Cap of creditors' claims remain within the jurisdiction of the Bankruptcy Court.

On March 27, 2017, Summit Investment filed a Motion to Disqualify McAfee & Taft from continuing to represent Stratford in the Lawsuit. (Doc. 303) McAfee & Taft filed its Response to the Motion to Disqualify on May 1, 2017. (Doc. 309) The Court initially set the matter for hearing on June 2, 2017. (Doc. 311) Upon a joint request from Stratford and Summit Investment the hearing was reset for June 29, 2017. (Doc 315) At the hearing, the matter was passed until July 27, 2017 to allow the Parties additional time to resolve the Motion to Disqualify. (Doc. 321). Contemporaneously with the filing of this Joint Status Report, McAfee & Taft will be filing a Motion to Withdraw (with no objection from Summit Investment) which should moot Summit's Motion to Disqualify. Jim Dowell (Jim D. Dowell P.C.) and J. Chris Horton (Pain & Garland) have informed McAfee & Taft that they will be entering an appearance in this matter to represent Stratford going forward.

## 2. **JURISDICTION**

The Court has federal question jurisdiction over the Parties' claims, counterclaims and cross-claims under CERCLA (42 U.S.C. §§ 9601 et seq.) pursuant to 28 U.S.C. § 1331.  The Court has jurisdiction over the Parties' contract and common law based claims, counterclaims and cross-claims pursuant to 28 U.S.C. § 1367 (pendent claims). The Court has jurisdiction over the Hall Trust claims based on diversity pursuant to 28 U.S.C. § 1332.

## 3. **STIPULATED FACTS**

None

## 4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**

### A. **Statement of Stratford**

Stratford incorporates herein its statements from prior Joint Status Reports (Docs. 58, 129, 263, and 298). Stratford has obtained all relief necessary in the bankruptcy court for the case against Fog Cap and the other defendants to proceed before this Court.  Upon amendment of the Complaint to add alter ego claims against Summit Investment, the case should be fully framed and ready to proceed.  To that end, Stratford submitted written discovery requests to Summit Investment on March 15, 2017.  However, due to the pending Motion to Disqualify, Stratford has agreed to allow four weeks past the resolution of the Motion to Disqualify to allow Summit Investment to respond to such requests.  In addition, on or about June 26, 2017, Stratford submitted written discovery requests to the Hall Trust.  Stratford recognizes there is now one additional party and two additional law firms involved in the case and they will need time to get up to speed on the issues, conduct discovery, prepare expert reports, etc.  Further, the original parties have only taken two fact witness depositions so far, Stratford still has several expert reports outstanding, none of the defendants have submitted expert reports, and no expert witness depositions have been taken.  In addition, in light of additional evidence that has been and will be discovered in this case, Stratford will need time to complete its remaining expert reports and supplement its previously submitted expert reports to address the new evidence and new parties.

### B. **Statement of the Hall Trust**

The Hall Trust also incorporates herein its statements from prior Joint Status Reports.  The Hall Trust has obtained all relief necessary in the bankruptcy court for the case against Fog Cap and all other Defendants to proceed before the Court.  Upon

amendment of its Complaint to add alter ego claims against Summit Investment, the case should be full framed and ready to proceed.

### C.  Statement of Foot Locker

Foot Locker has previously, in pleadings and status reports, set forth its defenses and claims in this matter and they are incorporated herein.  In response to the amended complaints filed by Plaintiffs against Summit Investment and SBN FCCG, Summit Investment asserted separate crossclaims against Foot Locker.  Foot Locker has answered those crossclaims and also filed separate crossclaims against Summit Investment. Foot Locker anticipates filing a Motion to Amend its cross-claims against Summit Investment and Fog Cap to assert alter ego/veil piercing claims.  Foot Locker believes it will be necessary to conduct discovery into other parties' and other persons' possible involvement in the contamination or disposal of hazardous substances at the Property, and Foot Locker reserves its right to file appropriate claims against those parties and persons.  While Foot Locker acknowledges that Summit Investment was recently added to this consolidated action and that there are several sets of new attorneys who may need time to get up to speed, Foot Locker does not believe it to be necessary and it is certainly not cost-effective to repeat the fact witness depositions, since Summit Investment has a similar interest to Fog Cap in this litigation and prior counsel for Fog Cap was present at those depositions.

### D.  Statement of Fog Cap

The applicable bankruptcy automatic stay has been lifted, effective April 1, 2017. The undersigned counsel for Fog Cap has only recently been retained and entered its appearance, and is in the process of getting up to speed, evaluating the claims, defenses and need for additional discovery. Fog Cap reserves any and all applicable claims and defenses.

### E.  Statement of Chunga

Insofar as the claims about Mr. Chunga have not materially changed in the latest round of pleadings, Mr. Chunga relies upon the Court's previous order concerning pleading amendments (Doc. #219) deeming matters joined in the consolidated cases.  Chunga adopts the portions of Stratford and Foot Locker's statements noting that the limited discovery conducted to date suggests that further discovery may confirm that certain parties (other than Chunga, Foot Locker and Stratford), and potentially others not already joined in this case, may have been responsible for pollutant releases at or near the subject property, such that further claim amendments or joinder of additional defendants may be warranted.

### F.  Statement of Summit Investment

i.   Summit Investment has filed its Answer, Counterclaims and Cross-Claims to Stratford's Third Amended Complaint (Doc. 275), as amended by Summit Investment's Answer and Affirmative Defenses to Stratford's Third Amended Complaint, Counterclaims and Cross-Claims (Doc. 296), which asserts that:

(a) With regard to Counts I through IV of the Stratford's Third Amended Complaint (Doc. 270), such claims are not applicable to Summit Investment;

(b) With regard to Counts V through VIII and XII of Stratford's Third Amended Complaint (Doc. 270), these actions are facially defective because Summit Investment did not possess or retain any aspect of control or dominion over Stratford's Property at any relevant time; and

(c) With regard to Counts IX, X and XI of Stratford's Third Amended Complaint (Doc. 270), these actions cannot be maintained against Summit Investment because Summit Investment was never an operator of Stratford's Property as a disposal facility for hazardous substances and was never an arranger for disposal of hazardous substances originating at Stratford's Property.  Further, there is no evidence of any release during any time period applicable to Summit Investment and Summit Investment did not otherwise fail in performing any duty owed with respect to the Stratford Property; and

(d) Summit Investment also asserted its Counterclaims against Stratford for: CERCLA cost recovery under §107; CERCLA contribution under §113; and for common-law contribution or indemnification.  Summit Investment further asserted its Cross-Claims against Foot Locker, Fog Cap, Kyser Defendants, Green, Chunga, and Fog Cutter on the same bases, i.e. CERCLA claims and common-law claims.

ii.   Summit Investment has filed its Answer to Hall Trust's Amended Complaint (Doc. 280), which asserts that, with regard to Counts 1 through V of Hall Trust's Amended Complaint (Doc. 269), these actions are facially defective because Summit Investment did not possess or retain any aspect of control or dominion over Stratford's Property at any relevant time. Further, there is no evidence of any release during any time period applicable to Summit Investment and Summit Investment did not otherwise fail in performing any duty owed with respect to the Stratford Property.

(a)   Summit Investment also asserted its Counterclaims against Hall for CERCLA cost recovery under §107; CERCLA contribution under §113;

and for common-law contribution or indemnity. Summit Investment further asserted its Cross-Claims against Foot Locker, Fog Cap, Kyser Defendants, Fog Cutter and Stratford on the same bases, i.e CERCLA claims and common-law claims.

iii. Foot Locker Retail, Inc. has filed its Answer and Affirmative Defenses and Cross-claims to Summit Investment's Cross-claims (Doc. 284), to which Summit Investment has responded as follows:

    (a)  With regard to Counts I through III, these actions cannot be maintained against Summit Investment because Summit Investment was never an operator of Stratford's Property as a disposal facility for hazardous substances and was never an arranger for disposal of hazardous substances originating at Stratford's Property. Further, there is no evidence of any release during any time period applicable to Summit Investment and Summit Investment did not otherwise fail in performing any duty owed with respect to the Stratford Property;

    (b) With respect to Count IV, because Summit Investment is not a party to the 2002 Sales Agreement and is not an "alter ego" of Fog Cap, Summit Investment has no contractual duty to indemnify Foot Locker; and

    (c) With respect to Count V, because no party can state any valid basis of liability against Summit Investment with respect to any contamination originating at Stratford's Property, Foot Locker does not have a valid basis to seek common law indemnification from Summit Investment. Further, there is no evidence of any release during any time period applicable to Summit Investment and Summit Investment did not otherwise fail in performing any duty owed with respect to the Stratford Property.

iv. Summit Investment has not participated in any of the discovery that has thus far been conducted by the other parties to this action, will need time to become familiar with such discovery and existing expert and/or environmental reports and is still in the process of identifying discovery that will be necessary to mount its defenses, counterclaims and cross-claims.

5.      **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes        ☒ No

6.      **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

A.  Summit Investment's Motion to Disqualify McAfee & Taft (Doc. 303). Stratford filed a Response to the Motion to Disqualify (Doc. 309) and Summit Investment filed its Reply (Doc. 310).  The matter is set for hearing on July 27, 2017 at 1:30 p.m. (Doc. 321)

B.  Motion for Summary Judgment (Doc. 168) filed by Defendant Chunga against Stratford.  Pursuant to the Court's Order of January 13, 2015 (Doc. No. 182), Stratford filed its Response to Chunga's Motion for Summary Judgment (Doc. No. 261) on September 15, 2016.  No Reply Brief was filed by Chunga and no hearing date has been set.

C.  Stratford and Hall anticipate filing Motions to Amend their complaints to assert alter ego/veil piercing claims against Summit Investment and Fog Cap shortly after resolution of the Motion to Disqualify, to which amendments Summit Investment objects as unsupportable based on the evidence and futile. Foot Locker also anticipates filing motions to amend its cross-claims against Summit Investment and Fog Cap to assert alter ego/veil piercing claims.

7.      **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☒ Yes        ☐ No

Summit Investment was newly added to the case and has yet to make its initial disclosures.  Such disclosures shall be made on or before August 31, 2017.

8.      **PLAN FOR DISCOVERY**

A.      The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on November 13, 2015.

B.      The parties anticipate that discovery should be completed within 12 months.

14

C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

 NA

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

 ☒ Yes*  ☐ No

 *The Parties plan to revisit this issue in light of Summit Investment's addition to the case.

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

 ☒ Yes*  ☐ No

 *The Parties plan to revisit this issue in light of Summit Investment's addition to the case.

 To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

 <u>None at this time.</u>

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

 a. The parties request that each party be allowed to take up to 10 fact witness depositions in this case (exclusive of necessary expert depositions).

 b. The parties request that the Court enter a protective order in the case to protect confidential information that may be produced in discovery.

15

c.   Stratford agrees to continue to provide all parties access to the Property and to off-Site investigation and remediation activities to observe and take split samples of Stratford's sampling.  Stratford will provide the parties with at least three calendar days notice prior to the initiation of investigation or remediation activities.

d.   Stratford agrees to promptly provide all data and field notes of its investigation / remediation consultants as such data and notes are obtained in carrying out the Work Plan.  Stratford further agrees to provide a summary of costs incurred for the investigation and remediation within one week of the beginning of each calendar quarter.

9.   **ESTIMATED TRIAL TIME**:   ___10 Days___

10.   **BIFURCATION REQUESTED**:   ☐Yes   ☒ No

11.   **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☒ Fair   ☐ Poor

12.   **SETTLEMENT AND ADR PROCEDURES**:

A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes   ☐ No

B.   The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
☐ Judicial Settlement Conference
☒ Other   ___Private Mediation if agreed to by the Parties___
☐ None - the parties do not request ADR at this time.

Mediation was held among Stratford, Foot Locker and Fog Cap on July 28, 2014.  That effort was unsuccessful primarily due to the fact the Site investigation was still in its early stages and expert reports had not yet been prepared or exchanged.  Some of the parties believe an additional mediation may be productive after completion of expert reports.

13.   Parties consent to trial by Magistrate Judge?  ☐ Yes   ☒ No

14.   Type of Scheduling Order Requested.   ☒ Standard   ☐ Specialized   (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 24th day of July, 2017.

16

*s/Robert J. Joyce*
Robert W. Dace, OBA #10263
Robert J. Joyce, OBA #12728
**McAfee & Taft A Professional Corporation**
10th Floor, Two Leadership Square
211 North Robison
Oklahoma City, OK 73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
E-mail:       bob.dace@mcafeetaft.com
             robert.joyce@mcafeetaft.com


**Attorneys for Plaintiff**
**Stratford Holding LLC**


s/ Shannon P. Wheeler
*(signed with permission)*
R. Tom Hillis, OBA #12338
Shannon P. Wheeler, OBA #22125
**TITUS HILLIS REYNOLDS LOVE**
**DICKMAN & MCCALMON**
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma  74103
Phone:  (918) 587-6800
FAX:  (918) 587-6822
Email:        thillis@titushillis.com
             swheeler@titushillis.com


**Attorneys for Plaintiff**
**Elaine K. Hall Revocable Trust**

Douglas A. Rice, OBA # 16297
**Derryberry & Naifeh, LLP**
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105
Telephone:   (405) 528-6569
Facsimile:   (405) 528-6462
E-mail:       drice@derryberrylaw.com

-and-

*s/Kenneth A. Reich*

*(signed with permission)*

Kenneth A. Reich, OBA # (*pro hac vice*)

**Kenneth Reich Law, LLC**

255 Massachusetts Ave., Suite 1018

Boston, MA 02115

Telephone:    (781) 608-7267

E-mail:          kreich@kennethreichlaw.com

**Attorneys for Defendant Foot Locker Retail Inc.**

*/s/Bryan N.B. King*

*(signed with permission)*

Bryan N.B. King, OBA #16673

Stephen J. Moriarity, OBA #6410

**Fellers Snider Blankenship Bailey & Tippens**

100 N. Broadway, Suite 1700

Oklahoma City, OK 73102-9211

Telephone:    (405) 232-0621

Facsimile:     (405) 232-9659

Email:           bking@fellerssnider.com

                      smoriarity@fellerssnider.com

**Attorneys for Defendant**
**Fog Cap Retail Investors LLC**

*s/ Leif E. Swedlow*

*(signed with permission)*

Leif E. Swedlow, OBA No. 17710

William Casey Gray,  OBA #31379

**ANDREWS DAVIS**

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW

100 N. Broadway, Suite 3300

Oklahoma City, OK 73102-8812

Telephone: (405) 272-9241

Fax: (405) 235-8786

Email:          leswedlow@andrewsdavis.com

                      wcgray@andrewsdavis.com

**Attorney for Defendant William E. Chunga**

*s/* Elisabeth E. Muckala
*(signed with permission)*
Elisabeth E. Muckala, OBA #21306
D. Kenyon Williams, Jr. OBA #9643
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 N. Broadway, Suite 200
Oklahoma City, OK 73102
Telephone:    (405) 553-2828
Facsimile:    (405) 553-2855
Email:       emuckala@hallestill.com
             kwilliams@hallestill.com

**Attorneys for Summit Investment Management LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2017, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all ECF registrants of record in this case.

I further certify that on this 24th day of July, 2017, I sent the above and foregoing to the following via U.S. mail:

Jeffrey P. Green
743 Melton Street
Cheyenne, WY  82009
Pro Se

Kyser Koncepts, LTD
c/o Arthur B. Kyser
3522 Crown Point Drive
San Diego, CA  92109
Pro Se

Arthur B. Kyser
3522 Crown Point Dr.
San Diego, CA  92109
Pro Se

Timothy W. Kyser
2221 Justin Road, Suite 119, #139
Flower Mound, TX  74028
Pro Se

Deborah Kyser, f/k/a Deborah Manneck
3522 Crown Point Drive
San Diego, CA  92109
Pro Se

*s/Robert J. Joyce*